Lina Stillman, Esq.
STILLMAN LEGAL, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel.: (212) 832-1000
www.stillmanlegalpc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS GERARDO TENORIO PENA,<br>Plaintiff,<br><br>v.<br><br>A ONE TRUCK STOP 2 INC. and<br>FAISAL ALTAF, individually,<br><br>Defendants. | Civil Action No. 2:26-cv-10017<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff LUIS GERARDO TENORIO PENA, by and through his attorneys, Stillman Legal, P.C., as and for his Complaint against Defendants A ONE TRUCK STOP 2 INC. and FAISAL ALTAF, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Luis Gerardo Tenorio Pena ("Plaintiff") brings this action against his employers, A One Truck Stop 2 Inc. ("A One Truck Stop") and Faisal Altaf ("Altaf") (together, "Defendants"), to recover unpaid minimum wages, unpaid overtime compensation, and other relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. (the "NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. (the "NJWPL").

2. During three periods of employment between on or about mid-July 2023 and at least May 21, 2026, Plaintiff worked for Defendants as a non-exempt manual laborer at and from Defendants' truck-stop facility at 15 Victory Plaza, South Amboy, New Jersey. His work consisted of washing trucks, changing tires, greasing and servicing trucks, and performing plumbing and residential-repair work to which Defendants assigned him.

3. Plaintiff regularly worked approximately sixty-eight hours per week. Defendants paid Plaintiff an hourly rate — approximately $13.00 per hour during 2023 and 2024, and approximately $15.00 per hour during 2025 and 2026 — that, upon information and belief, was below the minimum wage required by New Jersey law throughout his employment. Defendants paid Plaintiff no overtime premium of any kind for his hours worked in excess of forty in a workweek.

4. Based on the schedule, rates, and employment periods alleged in this Complaint, Plaintiff presently estimates his unpaid minimum wages and unpaid overtime compensation under New Jersey law at no less than approximately $36,070.70 through May 21, 2026, exclusive of liquidated damages of up to two hundred percent of that amount, prejudgment interest, attorneys' fees, and costs, as alleged more fully below.

5. Plaintiff brings this action on his own behalf only. He seeks unpaid minimum wages, unpaid overtime compensation, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

6. This Court has original subject-matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331, because that claim arises under the laws of the United States, and under

29 U.S.C. § 216(b), which authorizes an action by an employee in any court of competent jurisdiction.

7. This Court has supplemental jurisdiction over Plaintiff's New Jersey statutory claims under 28 U.S.C. § 1367(a). Those claims arise from the same employment relationship, the same work schedule, and the same compensation and payment practices that give rise to Plaintiff's FLSA claim, and therefore form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). Upon information and belief, both Defendants reside in New Jersey, and a substantial part of the events and omissions giving rise to Plaintiff's claims — including the work Plaintiff performed at and from Defendants' South Amboy facility, the schedule Defendants set, and the payments Defendants made and failed to make — occurred in this District.

9. This Court has personal jurisdiction over Defendants. Upon information and belief, A One Truck Stop is organized under the laws of New Jersey and maintains its principal place of business in South Amboy, New Jersey, and Altaf resides in New Jersey and/or conducts business in New Jersey.

## PARTIES

### *Plaintiff*

10. Plaintiff Luis Gerardo Tenorio Pena is an adult individual residing in Summit, Union County, New Jersey.

11. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1), N.J.S.A. 34:11-56a1(h), and N.J.S.A. 34:11-4.1(b).

12. At all times relevant to this Complaint, Plaintiff was a non-exempt employee entitled to the minimum wage and to overtime compensation under the FLSA and the NJWHL.

***Corporate Defendant***

13. Upon information and belief, Defendant A One Truck Stop 2 Inc. is a corporation organized and existing under the laws of the State of New Jersey, operating a truck-stop facility located at 15 Victory Plaza, South Amboy, Middlesex County, New Jersey 08879, at which trucks are washed, serviced, and repaired.

14. The name "A one truck stop 2 inc," the address 15 Victory Plaza, South Amboy, New Jersey 08879, and a telephone number are printed on the face of the payroll check that Defendants issued to Plaintiff and that is described in paragraph 59 below. That check was drawn on an account at Hanmi Bank.

15. Plaintiff and Defendants' own documents have also referred to the business as "A One Truck Stop" and "One Truck Stop." Upon information and belief, those names refer to the same business and the same employer that employed Plaintiff and issued his pay.

16. At all times relevant to this Complaint, A One Truck Stop was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g), and N.J.S.A. 34:11-4.1(a). A One Truck Stop employed Plaintiff, set and issued his compensation, controlled and directed his work, and received the benefit of his labor.

***Individual Defendant***

17. Upon information and belief, Defendant Faisal Altaf is an adult individual who, at all times relevant to this Complaint, was an owner, officer, member, manager, and/or person exercising operational control over A One Truck Stop 2 Inc.

18. Business records reviewed by Plaintiff's counsel identify "Altaf, Faisal" in association with the corporate defendant and with an address at 239 New Road, Parsippany, New

Jersey. Plaintiff does not allege that this address is Altaf's residence. **[ATTORNEY NOTE: Verify the complete address, municipality, ZIP code, and the nature of Altaf's relationship to the corporate defendant (owner, officer, registered agent, or otherwise) through business records before filing. The Parsippany address may be a business, registered-agent, mailing, or historical address.]**

19. At all times relevant to this Complaint, Altaf was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g), and N.J.S.A. 34:11-4.1(a), for the reasons alleged below.

## EMPLOYER AND JOINT-EMPLOYER ALLEGATIONS

20. Upon information and belief, Altaf possessed and exercised the authority to hire and to discharge employees of A One Truck Stop.

22. Upon information and belief, Altaf possessed and exercised the authority to supervise employees and control the day-to-day operations of A One Truck Stop.

23. Upon information and belief, Altaf determined and controlled Plaintiff's work schedule. Plaintiff's schedule — Monday through Saturday from approximately 8:00 a.m. to approximately 6:00 p.m., and Sunday from approximately 8:00 a.m. until approximately 3:00 or 4:00 p.m. — was fixed and uniform, was set by the management of A One Truck Stop, and did not vary at Plaintiff's discretion.

24. Upon information and belief, Altaf assigned and supervised Plaintiff's work. Plaintiff did not choose his own tasks: he washed, greased, and serviced the trucks he was directed to service, and he was taken or sent by Defendants to perform plumbing and residential-repair work at locations away from the truck stop.

24. Upon information and belief, Altaf determined Plaintiff's hourly rates of pay — approximately $13.00 per hour during 2023 and 2024 and approximately $15.00 per hour during 2025 and 2026 — and the method by which Plaintiff was paid, by company check or by Zelle transfer. The payroll check described in paragraph 59 below was drawn on the corporate defendant's account and bears a handwritten signature.

25. Upon information and belief, Altaf knew that Plaintiff regularly worked more than forty hours per week. The business was a small operation — Plaintiff worked alongside approximately four other workers performing similar duties — and Plaintiff's seven-day schedule was fixed, open, and known to management.

26. Upon information and belief, Altaf controlled or participated in the decision to pay Plaintiff straight time only, at the rates described above, and not to pay Plaintiff any overtime premium for hours worked in excess of forty in a workweek.

27. Upon information and belief, Altaf maintained or controlled the payroll and employment records of A One Truck Stop. Plaintiff was not required to punch in or out, was never furnished with any record of his hours, and was never given access to any payroll or time record.

28. Upon information and belief, Altaf exercised operational control over the corporate defendant's wage-and-hour practices, including the practices described in this Complaint.

29. By reason of the foregoing, Altaf acted directly and indirectly in the interest of A One Truck Stop in relation to Plaintiff, possessed and exercised operational control over the terms and conditions of Plaintiff's employment, and is individually liable as Plaintiff's employer under 29 U.S.C. § 203(d), the NJWHL, and the NJWPL.

30. Defendants jointly employed Plaintiff. As a matter of economic reality, Plaintiff was economically dependent upon Defendants, who together controlled his schedule, his assignments, his rate and method of pay, and his continued employment.

## FLSA COVERAGE

### *Enterprise Coverage*

31. At all relevant times, A One Truck Stop performed related activities through unified operation and common control for a common business purpose, and was therefore an "enterprise" within the meaning of 29 U.S.C. § 203(r).

32. At all relevant times, A One Truck Stop had employees, including Plaintiff, who handled or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. Those goods and materials included commercial trucks and tractor-trailers, tires, lubricants and grease, degreasers and cleaning supplies, hand and power tools, replacement parts, and plumbing fixtures and building materials used in the repair work to which Plaintiff was assigned.

33. Upon information and belief, A One Truck Stop had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, in each calendar year relevant to this action. This allegation is made on information and belief because Defendants' revenue records are within Defendants' exclusive possession, custody, and control. It is supported by the following facts within Plaintiff's knowledge:

(a) A One Truck Stop operated a truck-stop facility providing washing, tire, and servicing work for commercial trucks on a continuous, year-round basis;

(b) A One Truck Stop employed Plaintiff and approximately four other workers performing similar manual duties, in addition to management and any other

personnel, for a total workforce that, upon information and belief, numbered six or more employees; and

(c) Plaintiff himself was regularly scheduled for approximately sixty-eight hours of work per week, seven days per week, reflecting a sustained volume of customer demand.

34. **[ATTORNEY NOTE: The $500,000 annual-dollar-volume threshold is not established by the current documents and requires investigation before filing.]** Subject to that investigation, A One Truck Stop was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

***Individual Coverage (Pleaded in the Alternative)***

35. In the alternative, Plaintiff was individually engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

36. Plaintiff's regular duties consisted of washing, changing the tires of, greasing, and servicing commercial trucks and tractor-trailers at a truck-stop facility. Upon information and belief, those trucks and tractor-trailers regularly traveled in interstate commerce, crossing state lines to transport goods, and Plaintiff's work was closely related and directly essential to the movement of goods in interstate commerce, such that he was individually engaged in commerce within the meaning of the FLSA.

37. Independently and without regard to the basis of FLSA coverage, at all relevant times Plaintiff performed his work in New Jersey for a New Jersey employer at and from its South Amboy facility, and is therefore covered by the NJWHL and the NJWPL.

## FACTUAL ALLEGATIONS

***Plaintiff's Employment***

38. Plaintiff worked for Defendants during three periods:

(a) from on or about mid-July 2023 through on or about November 2023;

(b) from on or about mid-February 2024 through on or about November 2024; and

(c) from on or about mid-February 2025 through at least May 21, 2026.

39. The precise start and end dates of each period of employment are approximate. The exact dates are established by Defendants' payroll and employment records, which are within Defendants' exclusive possession, custody, and control.

***Plaintiff's Duties and Non-Exempt Status***

40. Plaintiff's duties consisted of manual labor. They included washing trucks; changing tires; greasing and otherwise servicing trucks; and performing plumbing work and residential-repair work at locations to which Defendants took or sent him.

41. Plaintiff did not supervise any employee. Plaintiff had no authority to hire, discharge, discipline, evaluate, schedule, or direct the work of any other worker, and no authority to recommend any such action.

42. Plaintiff performed no office or non-manual work directly related to the management or general business operations of Defendants or Defendants' customers. He did not negotiate contracts, purchase materials, set prices, maintain payroll, or make any decision of business significance.

43. Plaintiff exercised no discretion or independent judgment with respect to matters of significance. He performed the tasks assigned to him at the locations to which he was directed.

44. Plaintiff was not employed in a bona fide executive, administrative, professional, outside-sales, or computer-related capacity, and no exemption under 29 U.S.C. § 213 or 29 C.F.R. Part 541 applied to him. No exemption under the NJWHL applied to him.

45. Plaintiff had no written employment agreement with Defendants.

***Plaintiff's Work Schedule***

46. Plaintiff was regularly scheduled to work seven days per week.

47. Monday through Saturday, Plaintiff worked from approximately 8:00 a.m. to approximately 6:00 p.m.

48. Sunday, Plaintiff worked from approximately 8:00 **a.m.** until approximately 3:00 or 4:00 p.m.

49. Based on his recollection of that schedule, Plaintiff regularly worked approximately sixty-eight hours per week.

50. Plaintiff was aware of a one-half-hour lunch break during the workday. Plaintiff does not presently know, and this Complaint does not allege, whether that break was taken every day, whether Plaintiff was completely relieved of duty during it, or whether it is already reflected in the approximately sixty-eight weekly hours alleged above.

51. To the extent Plaintiff was not completely relieved of duty during any meal period — because he remained on duty, was interrupted, or was required to remain available to work — that meal period was compensable hours worked under 29 C.F.R. § 785.19, and any deduction of such a period from Plaintiff's hours would understate the hours he actually worked.

52. Plaintiff does not allege that he worked more than forty hours in every workweek of his employment, and does not seek overtime compensation for any workweek in which he

did not work more than forty hours. Plaintiff worked more than forty hours in the great majority of the workweeks of his employment.

***Defendants' Compensation Practices***

53. Defendants paid Plaintiff an hourly rate of pay.

54. During 2023 and 2024, Defendants paid Plaintiff approximately $13.00 per hour.

55. During 2025 and 2026, Defendants paid Plaintiff approximately $15.00 per hour.

56. Defendants paid Plaintiff by company check or by Zelle transfer.

57. During 2025 and 2026, Plaintiff received approximately $1,000.00 per week on average.

58. An average weekly payment of approximately $1,000.00 is consistent with payment of straight time only — that is, approximately $15.00 per hour for approximately sixty-eight hours, with no overtime premium for the approximately twenty-eight hours over forty. Plaintiff alleges upon information and belief that Defendants in fact paid him straight time only for all hours worked. The precise amounts Defendants paid in each workweek are established by Defendants' payroll and banking records, which are within Defendants' exclusive possession, custody, and control.

59. As an example of Defendants' method of payment by company check, Defendants issued to Plaintiff check number 4276, dated May 17, 2026, in the amount of $659.00, payable to "Luis G Tenorio Pena," drawn by "A one truck stop 2 inc," 15 Victory Plaza, South Amboy, NJ 08879, on an account at Hanmi Bank. This Complaint does not allege what workweek or how many hours that check covered; that information is established by Defendants' records.

60. Plaintiff also received tips from customers of approximately $100.00 per week.

61. Defendants were not entitled to credit any portion of those tips against their minimum-wage obligations. Plaintiff was not employed in a tipped occupation; Defendants never informed Plaintiff of any intention to treat tips as satisfying any part of the minimum wage; and Defendants did not satisfy the statutory and regulatory prerequisites for a tip credit under federal or New Jersey law.

***Defendants' Failure to Pay Minimum Wages and Overtime***

62. Upon information and belief, the hourly rates Defendants paid Plaintiff were below the minimum wage required by New Jersey law throughout his employment. Upon information and belief, Defendants employed six or more employees at all relevant times. For employers of six or more employees, the New Jersey minimum wage was $14.13 per hour in 2023, $15.13 per hour in 2024, $15.49 per hour in 2025, and $15.92 per hour in 2026. Defendants paid Plaintiff approximately $13.00 per hour in 2023 and 2024 and approximately $15.00 per hour in 2025 and 2026.

64. Throughout Plaintiff's employment, Defendants did not pay Plaintiff one and one-half times his regular rate — or one and one-half times the lawful minimum wage — for hours worked in excess of forty in a workweek.

65. Throughout Plaintiff's employment, Defendants did not pay Plaintiff any overtime premium in any amount, at any rate, in any workweek.

66. Defendants never told Plaintiff that he was entitled to overtime compensation, never identified any overtime hours on any document given to Plaintiff, and never identified any overtime payment on any document given to Plaintiff.

***Plaintiff's Estimated Damages***

67. Based on the employment periods, weekly schedule of approximately sixty-eight hours, hourly rates, and New Jersey minimum-wage rates alleged above — crediting Defendants

with payment of straight time at the actual hourly rate for every hour worked, and without deducting any meal period — Plaintiff presently estimates his combined unpaid minimum wages and unpaid overtime compensation under New Jersey law as follows:

(a) on or about mid-July 2023 through on or about November 2023 (approximately 18 weeks, at approximately $13.00 per hour against a $14.13 minimum wage): approximately $4,943.88;

(b) on or about mid-February 2024 through on or about November 2024 (approximately 39 weeks, at approximately $13.00 per hour against a $15.13 minimum wage): approximately $13,909.74;

(c) on or about mid-February 2025 through December 31, 2025 (approximately 46 weeks, at approximately $15.00 per hour against a $15.49 minimum wage): approximately $11,508.28; and

(d) January 1, 2026 through at least May 21, 2026 (approximately 20 weeks, at approximately $15.00 per hour against a $15.92 minimum wage): approximately $5,708.80.

68. Of the resulting total of approximately $36,070.70, approximately $5,774.00 represents unpaid minimum wages for the first forty hours of each workweek, and approximately $30,296.70 represents unpaid overtime premiums for the approximately twenty-eight hours worked in excess of forty in each workweek. There is no overlap or double-counting between those two components.

69. Under the New Jersey Wage and Hour Law, Plaintiff's claim is accordingly presently estimated at approximately $36,070.70 in unpaid wages, plus liquidated damages of up to two hundred percent of that amount (approximately $72,141.40), for combined wages

and liquidated damages of up to approximately $108,212.10, plus prejudgment interest at the legally applicable rate, attorneys' fees, and costs. These figures assume large-employer minimum-wage rates (applicable to employers of six or more employees; if Defendants employed fewer than six employees, lower rates and lower damages would apply), approximate mid-month start and end dates, a constant 68-hour week with no meal-period deduction, and an end date of May 21, 2026. They will change with confirmed dates, headcount, meal-break facts, and any employment after May 21, 2026, and do not reflect the alternative FLSA regular-rate computation for the federal overtime claim.

70. The foregoing figures are good-faith estimates based on Plaintiff's recollection. The exact amounts are established by Defendants' payroll, time, and banking records, which are within Defendants' exclusive possession, custody, and control. Nothing in this Complaint limits Plaintiff's recovery to the estimated amounts stated above.

***Defendants' Records and Wage Statements***

71. Plaintiff was not required to punch in or out, and Defendants did not use a time clock or other timekeeping device to record Plaintiff's hours.

72. Defendants did not furnish Plaintiff with a paystub, wage statement, or any other document identifying the hours he worked, the rate or rates at which he was paid, his gross wages, any deductions taken, or his net wages.

73. Plaintiff was never provided access to, and could not review, any record of the hours Defendants recorded for him.

74. Upon information and belief, Defendants failed to make, keep, and preserve accurate records of the hours Plaintiff worked each workday and each workweek, of Plaintiff's

regular rate of pay, and of the overtime compensation due and paid, as required by 29 U.S.C. § 211(c), 29 C.F.R. § 516.2, and N.J.A.C. 12:56-4.1.

75. To the extent Defendants failed to keep accurate records of the hours Plaintiff worked, Plaintiff is entitled to prove the amount and extent of that work as a matter of just and reasonable inference. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946).

***Willfulness and Absence of Good Faith***

76. Defendants knew, or showed reckless disregard for whether, their compensation practices violated the FLSA and the NJWHL. These violations persisted across all three periods of Plaintiff's employment spanning nearly three years, reflecting a deliberate and repeated pattern of non-compliance rather than an isolated error.

77. Defendants set Plaintiff's fixed seven-day schedule and therefore knew that Plaintiff regularly worked approximately sixty-eight hours per week.

78. Notwithstanding that knowledge, Defendants paid Plaintiff straight time only, at hourly rates that, upon information and belief, were below the applicable New Jersey minimum wage, with no overtime premium of any kind in any workweek, across three periods of employment spanning nearly three years.

79. Defendants' failure to use any timekeeping device, failure to keep accurate time records, and failure to furnish Plaintiff with any wage statement or record of his hours further evidence that Defendants did not attempt in good faith to ascertain or comply with their obligations under federal and state wage law.

80. Defendants did not act in good faith and had no reasonable grounds for believing that their pay practices complied with the FLSA. See 29 U.S.C. § 260.

81. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a), and a three-year limitations period applies to Plaintiff's FLSA claim.

**COUNT I**

***Unpaid Overtime Compensation Under the Fair Labor Standards Act, 29 U.S.C. §§ 207(a)(1), 215(a)(2), and 216(b)***

82. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

83. At all relevant times, Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Plaintiff was Defendants' employee within the meaning of 29 U.S.C. § 203(e)(1).

84. At all relevant times, Plaintiff was covered by the FLSA under 29 U.S.C. § 203(s)(1)(A) and, in the alternative, as an employee engaged in commerce or in the production of goods for commerce under 29 U.S.C. §§ 207(a)(1).

85. At all relevant times, Plaintiff was a non-exempt employee.

86. Section 207(a)(1) of the FLSA required Defendants to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty in a workweek.

87. Plaintiff worked in excess of forty hours in numerous workweeks during his employment.

88. Defendants failed to compensate Plaintiff at one and one-half times his regular rate for hours worked in excess of forty in a workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

89. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

90. As a direct and proximate result of Defendants' violations, Plaintiff has been damaged in the amount of his unpaid overtime compensation, in an amount to be determined at trial.

91. Plaintiff is entitled to recover his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### *Unpaid Minimum Wages and Unpaid Overtime Compensation Under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.*

92. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

93. At all relevant times, Defendants were Plaintiff's employers within the meaning of N.J.S.A. 34:11-56a1(g), and Plaintiff was Defendants' employee within the meaning of N.J.S.A. 34:11-56a1(h).

94. At all relevant times, Plaintiff was a non-exempt employee under the NJWHL and was not subject to any exemption set forth in N.J.S.A. 34:11-56a4 or the regulations promulgated thereunder.

95. N.J.S.A. 34:11-56a4 required Defendants to pay Plaintiff not less than the applicable New Jersey minimum hourly wage for each hour worked.

96. Upon information and belief, Defendants failed to pay Plaintiff the applicable New Jersey minimum hourly wage for each hour worked, in violation of N.J.S.A. 34:11-56a4.

97. N.J.S.A. 34:11-56a4 further required Defendants to pay Plaintiff not less than one and one-half times his regular hourly wage for each hour worked in excess of forty in any workweek.

98. Defendants failed to pay Plaintiff one and one-half times his regular hourly wage for hours worked in excess of forty in a workweek, in violation of N.J.S.A. 34:11-56a4.

99. Defendants' violations of the NJWHL were knowing and not in good faith.

100. Plaintiff has been damaged in an amount to be determined at trial, presently estimated at no less than approximately $36,070.70 in unpaid minimum wages and unpaid overtime wages, as alleged above.

101. Plaintiff is entitled to recover the full amount of his unpaid minimum wages and unpaid overtime wages, liquidated damages of up to two hundred percent of those wages pursuant to N.J.S.A. 34:11-56a25.2, and reasonable attorneys' fees and costs pursuant to N.J.S.A. 34:11-56a25, for the period permitted by N.J.S.A. 34:11-56a25.1.

102. Plaintiff does not seek under this Count any recovery duplicative of the overtime compensation sought under Count I for the same hours.

## COUNT III

***Unpaid Wages Under the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.***

103. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

104. At all relevant times, Defendants were Plaintiff's employers within the meaning of N.J.S.A. 34:11-4.1(a), and Plaintiff was Defendants' employee within the meaning of N.J.S.A. 34:11-4.1(b).

105. The compensation Defendants agreed to pay Plaintiff, including the agreed hourly rate and, to the extent those rates fell below the minimum wage or failed to include overtime premiums required by law, the full minimum wages and overtime compensation that vested in Plaintiff's favor each workweek, constituted "wages" within the meaning of N.J.S.A. 34:11-4.1(c).

106. N.J.S.A. 34:11-4.2 required Defendants to pay Plaintiff the full amount of wages due to him on a regular payday designated in advance. Upon information and belief, Defendants paid Plaintiff on a weekly basis.

108. Defendants failed to pay Plaintiff the full amount of wages due to him on a regular payday, in violation of N.J.S.A. 34:11-4.2. Defendants' violations of the NJWPL were knowing and not in good faith. As a direct and proximate result of Defendants' violations of the NJWPL, Plaintiff has been damaged in an amount to be determined at trial.

109. Plaintiff is entitled to recover the wages owed to him, liquidated damages of up to two hundred percent of those wages, and reasonable attorneys' fees and costs, pursuant to N.J.S.A. 34:11-4.10.

110. Plaintiff does not seek under this Count any recovery duplicative of the unpaid minimum wages or overtime compensation sought under Counts I and II.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, providing the following relief:

(a) A declaratory judgment that the practices complained of herein violate the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and, the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.;

(b) An award of unpaid overtime compensation due under the FLSA, 29 U.S.C. §§ 207(a)(1), and unpaid minimum wages and unpaid overtime compensation due under the NJWHL, N.J.S.A. 34:11-56a4, in an amount to be determined at trial;

(c) An award of unpaid wages due under the NJWPL, N.J.S.A. 34:11-4.1 et seq., in an amount to be determined at trial;

(d) An award of liquidated damages in the greatest amount permitted by law, being either an additional equal amount pursuant to 29 U.S.C. § 216(b) or

liquidated damages of up to two hundred percent of unpaid wages pursuant to N.J.S.A. 34:11-56a25.2 and N.J.S.A. 34:11-4.10, whichever is greater, it being expressly stated that Plaintiff does not seek duplicative liquidated damages upon the same unpaid wages under more than one statute;

(e) Prejudgment interest on Plaintiff's FLSA claim, to the extent the Court declines to award liquidated damages under 29 U.S.C.  216(b), and on Plaintiff's state-law claims at the legally applicable rate, to the extent permitted by law and not duplicative of liquidated damages awarded on the same wages;

(f) Post-judgment interest pursuant to 28 U.S.C. § 1961;

(g) Reasonable attorneys' fees and the costs and disbursements of this action pursuant to 29 U.S.C. § 216(b), N.J.S.A. 34:11-56a25, and N.J.S.A. 34:11-4.10;

(h) Leave to amend this Complaint as warranted by facts developed in discovery, including as to the exact registered name of the corporate defendant and the identity and liability of any additional, related, or successor entity; and

(i) Such other and further relief as this Court deems just and proper.

In accordance with L. Civ. R. 8.1, no specific dollar amount is stated in this Complaint for unliquidated damages.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned certifies that, to the best of her knowledge and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: August 7, 2026
New York, New York

Respectfully submitted,

STILLMAN LEGAL, P.C.

By: Lina F Stillman, Esq.

Lina Stillman, Esq.
42 Broadway, 12th Floor
New York, New York 10004
Tel.: (212) 832-1000
*Attorneys for Plaintiff*
*Luis Gerardo Tenorio Pena*